IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORDELLRA MCCALEY**                                                                **PLAINTIFF**

**V.**                                                   **NO. 4:16-CV-00111-DMB-DAS**

**MARSHALL FISHER, et al.**                                              **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 6, 2016, Cordellra McCaley filed a complaint against several Mississippi Department of Corrections personnel, alleging that they failed to protect him from inmate violence, and subsequently denied him medical treatment for his injuries. Doc. #1. On August 30, 2016, United States Magistrate Judge David A. Sanders held a *Spears* hearing concerning McCaley's allegations. *See* Doc. #14. On August 31, 2016, Judge Sanders issued a Report and Recommendation, recommending that (1) Marshall Fisher, Jerry Williams, Timothy Morris, and Mr. Banks be dismissed from this action; (2) all claims involving the Wilkinson County Correctional Facility be dismissed; and (3) process issue against Officer Hughes and Ms. Carter for the allegations raised in McCaley's complaint. Doc. #15. On September 12, 2016, McCaley filed his objections to the Report and Recommendation. Doc. #20.

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

In his objections, McCaley argues that Timothy Morris and Mr. Banks, along with other Mississippi Department of Corrections employees who are not parties to this action, were aware that his life was in danger before the inmate attack against him and failed to protect him. Doc. #20. McCaley further argues that "[t]he Defendants are responsible for hiring qualified officers who are responsible enough to handle the job … which … is to protect [and] serve." *Id*.

The record establishes that measures were taken to reduce McCaley's exposure to dangerous situations. McCaley testified at his *Spears* hearing that after voicing his safety concerns to officers, particularly Mr. Banks, he was segregated from other inmates and placed in a one-man cell. *See* Doc. #15. This is corroborated in his objections based on his statement that he was moved from one building to another and back after speaking with officers about his safety concerns. Doc. #20. Additionally, McCaley was in the one-man cell when he was attacked by another inmate. The fact that harm was not avoided does not, without more, establish a prison official's liability. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (no Eighth Amendment violation if official "responded reasonably to the risk, even if the harm ultimately was not averted").

The Court otherwise finds that McCaley's objections based on his claims that the defendants should be liable for their failure to hire more responsible officers are without merit. As correctly noted in the Report and Recommendation, 42 U.S.C. § 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002).

As such, the Court **OVERRULES** McCaley's objections [20] to the Report and Recommendation. Further, having reviewed the remainder of the Report and Recommendation for clear error and found none, the Court **APPROVES and ADOPTS** the Report and

Recommendation [15] as the opinion of the Court. Accordingly, Marshall Fisher, Jerry Williams, Timothy Morris, and Mr. Banks are **DISMISSED** from this matter, and McCaley's claims against Officer Hughes and Ms. Carter shall **PROCEED**.

**SO ORDERED**, this 2nd day of November, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**